DAVID SELDEN, appellant, vs. BENJAMIN W. ROGERS, respondent. —*Decree affirmed.* P. Y. CUTLER, for appellant; A. C. BRADLEY, for respondent.

This was a demurrer by Rogers, one of the defendants, to a bill in chancery, filed by Selden, to obtain a partition of certain lands held by Noyes & Ogden, under a conveyance in trust to sell the lands, or the equitable interest which Rogers had at the time of the conveyance to the trustees, and to apply the proceeds to the payment of certain debts which Rogers once owed to Selden & Vermilya, a part of which debts had been assigned to others of the defendants, when the bill was filed. And to restrain the trustees from selling the trust property for the benefit of the holders of those debts.

It appeared from the bill that the question was a very complicated one, arising from trust conveyances. And the demurrer involved two questions. 1st. Whether there was any equity in the case made by the bill. 2d. Whether Rogers was a necessary party.

The vice-chancellor of the first circuit overruled the demurrer, and Rogers appealed to the chancellor, who reversed the vice-chancellor's decision, saying, that "it was very evident from the statements in the bill, that the complainant had not such an interest in the property conveyed to the trustees, as entitled him to make a partition of it. By the terms and operation of the original trust deed, the only interest he had in the land was the right to have it, or so much of it as was necessary, sold for the payment of the debts due to him and Vermilya, when those debts should become due. That clearly was not a partible interest, which would authorize the filing of a bill in partition by him."

The chancellor also held that Rogers was not a necessary or proper party. (Not reported.)